```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
LIBRA MAX,                            :
                                      :
                       Plaintiff,     :     22cv6156 (DLC)
                                      :
            -v-                       :     MEMORANDUM OPINION
                                      :          AND ORDER
DEBORAH KAPLAN, Deputy Chief          :
Administrative Judge for the New York :
City courts, in her official and      :
personal capacities,                  :
                                      :
                       Defendant.     :
                                      :
------------------------------------- X
```

APPEARANCES:

For plaintiff Libra Max:
Andrew G. Celli, Jr.
Debra L. Greenberger
Noel R. León
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
New York
600 Fifth Avenue
10th Floor
New York, NY 10020

Jonathan G. Martinis
Jonathan Gerald Martinis, LLC
2023 Admiral Drive
Stafford, VA 22554

For defendant Deborah Kaplan, Deputy Chief Administrative Judge of the New York City courts, in her official and personal capacities:
Letitia James, Attorney General, State of New York
Anjali Bhat, Assistant Attorney General, State of New York
28 Liberty Street
New York, NY 10005

DENISE COTE, District Judge:

This action arises out of proceedings before the Guardianship Part of the Supreme Court of the State of New York, New York County (the "Guardianship Court"). Libra Max alleges that judges in Guardianship Court routinely engage in improper <u>ex parte</u> communications about substantive matters related to proceedings before them. She brings a claim against Deborah Kaplan, the Deputy Chief Administrative Judge for the New York City Courts, in her personal and official capacities. Kaplan has moved to dismiss the amended complaint. For the following reasons, Kaplan's motion to dismiss is granted.

## Background

The following facts are taken as true from the plaintiff's first amended complaint (the "FAC"). All reasonable inferences are drawn in the plaintiff's favor.

Libra Max ("Max") is the daughter of Peter Max ("Peter"), who is 84 years old and in failing health. Peter has been under guardianship since 2015 and has both a personal-needs guardian and a property guardian. Peter's current personal-needs guardian, Barbara Lissner, was appointed by the Guardianship Court. According to Max, Lissner has used her position as personal-needs guardian to isolate Peter from Max.

Max presented her objections to Lissner's role as personal-needs guardian to the Guardianship Court. Four different judges have overseen Peter's guardianship and Max's attempts to remove Lissner as guardian (the "Guardianship Proceedings").

Allegedly, all four judges have engaged in ex parte communications with Lissner about the substance of the Guardianship Proceedings. For example, one judge had a three-hour conversation with Lissner prior to a conference. A second judge had communications with health care aides for Peter. These communications were facilitated by Lissner or her counsel and were outside the presence of Max and Max's counsel. After Max's counsel raised concerns about ex parte communications to a third judge, that judge stated at a conference: "[I]f I need to speak to the court-appointed guardian's attorneys, I will. That is the right of the guardianship judge. Just so everyone is clear, it doesn't equal ex parte conversations." Finally, a fourth judge communicated with Lissner outside the presence of Max and Max's counsel about a possible conflict of interest that had arisen in the Guardianship Proceedings. During multiple conferences, the fourth judge also opined that "it is not ex parte for the guardian to speak to the Judge."

Based on these alleged ex parte communications, Max brings a claim under 42 U.S.C. § 1983 for monetary, injunctive, and

3

declaratory relief. As Max acknowledges in the FAC, the guardianship judges who engaged in ex parte communications "are not sued here because they enjoy judicial immunity and because this case challenges the policy and practice of ex parte communications in the guardianship courts and not any particular judicial decision." Thus, Max instead brings her cause of action against Kaplan.

Kaplan has served as the Deputy Chief Administrative Judge for the New York City Courts since October 1, 2021. From January 2018 to January 17, 2022, Kaplan also served as the Administrative Judge for the Civil Branch of the Supreme Court of the State of New York, New York County. In both roles, Kaplan's responsibilities have included "promulgating administrative policy governing the administration and day-to-day operations" of the Guardianship Court. Similarly, Kaplan has had and continues to have "the power to issue orders concerning the procedures to be followed in the trial courts in New York County Supreme Court."

Max filed this action on July 20, 2022. On August 30, Kaplan filed a motion to dismiss the complaint. The following day, Max was ordered to oppose the motion or file an amended complaint. On September 20, Max filed the FAC. Kaplan moved to

dismiss the FAC on October 11.  The motion to dismiss the FAC was fully submitted on November 21.

### Discussion

Kaplan moves to dismiss the FAC on multiple grounds including that the plaintiff lacks standing and that the Court should abstain from hearing the case.  For the following reasons, the motion to dismiss is granted.

To satisfy the requirements for Article III standing "(1) the plaintiff must have suffered an injury in fact, (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Vengalattore v. Cornell Univ., 36 F.4th 87, 112 (2d Cir. 2022) (citation omitted).  For the purposes of a motion to dismiss for lack of standing, plaintiffs bear the burden "of alleging facts that affirmatively and plausibly suggest that they have standing to sue."  Liberian Cmty. Ass'n of Conn. v. Lamont, 970 F.3d 174, 184 (2d Cir. 2020) (citation omitted).  "All allegations made in the complaint are accepted as true and construed in favor of the plaintiffs."  Id.

A plaintiff that has standing may also be barred from bringing her claim in federal court for other reasons.  As a general rule, "federal courts are obliged to decide cases within

5

the scope of federal jurisdiction." Disability Rts. N.Y. v. New York, 916 F.3d 129, 133 (2d Cir. 2019) (citation omitted). In certain circumstances, however, federal courts must abstain from exercising jurisdiction based on principles of comity and federalism. As relevant here, under the O'Shea abstention framework, federal courts must abstain where failure to do so would result in "an ongoing federal audit of state" proceedings. O'Shea v. Littleton, 414 U.S. 488, 500, (1974); see also Disability Rts., 916 F.3d at 134-35.

Although O'Shea involved ongoing state criminal proceedings, the Second Circuit has also applied O'Shea "in certain civil contexts involving the operations of state courts." Disability Rts., 916 F.3d at 134. For example, in Kaufman v. Kaye, the Second Circuit applied O'Shea in abstaining from enjoining state civil court judicial assignment procedures. 466 F.3d 83, 87 (2d Cir. 2006). Later, in Disability Rights, the Second Circuit applied O'Shea in abstaining from altering procedures in state guardianship courts. 916 F.3d at 135-37. In reasoning that abstention was appropriate in Disability Rights, the Court of Appeals noted that the case involved "a preemptive review of state court procedure in guardianship proceedings, an area in which states have an especially strong interest" and that the plaintiff could "obtain sufficient review

6

in state court and, if needed, the Supreme Court of the United States." Id. at 136-37.

For several reasons, Max's claim does not belong in federal court. Max does not have standing to bring the claim because any injury she has suffered is not fairly traceable to the conduct of the defendant and is not likely to be redressed by a favorable decision. Max's alleged injury consists of ex parte communications of four judges in Guardianship Court. Thus, the true sources of plaintiff's injury are those four judges. Likewise, given that the four Guardianship Court judges have allegedly engaged in substantive ex parte communications that are against the law, it is speculative whether any policy issued by Kaplan would redress the plaintiff's injury.[1] Thus, Max has not satisfied the traceability or redressability prongs of the standing inquiry.

Further, even if the plaintiff could show that she has standing to bring her claim, the claim would still not belong in

---

[1] Plaintiff points to a handful of allegations that one of the four Guardianship Court judges had been "told from the minute [she] stepped into [the] position" that guardians and guardianship judges can have ex parte communications and that another of the judges believed it was "the right of the guardianship judge" to speak to the guardian. But these allegations at most suggest that those individual judges believed their communications were not improper. They do not suggest that they were acting based on Kaplan's policies or lack thereof.

7

federal court. Like Kaufman and Disability Rights, plaintiff's case falls "squarely within O'Shea's abstention framework." Disability Rts., 916 F.3d at 135. Max asks the Court to require Kaplan to issue a policy prohibiting ex parte communications between judges and guardians on contested matters in guardianship cases. Such an injunction would be an impermissible intrusion into state guardianship proceedings, which, as noted in Disability Rights, constitute an area of particular state interest. Id. at 136.

It is not necessary to belabor these points. It is enough to say that the plaintiff's attempt to bypass the judicial immunity of the true subjects of her grievances by instead asking this Court to instruct Kaplan on New York state court policy will not succeed. Plaintiff's claim is dismissed.

## Conclusion

The defendant's October 11, 2022 motion to dismiss is granted. The Clerk of Court is directed to close this case.

Dated: New York, New York
February 13, 2023

_____
DENISE COTE
United States District Judge